UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CLEAN AIR CAR SERVICE &
PARKING BRANCH THREE, LLC, *et al.*

                Appellants,

      -against-

CLEAN AIR SERVICE & PARKING BRANCH
TWO, LLC, *et al.*,

                Appellees.
------------------------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-05444 (OEM)

**ORELIA E. MERCHANT, United States District Judge:**

On August 5, 2024, appellants Clean Air Car Service & Parking Branch Three, LLC, Clean Air Car Service & Parking Corp., Operr Technologies Inc., Operr Service Bureau Inc., and Kevin S. Wang ("K. Wang" and, collectively, "Appellants"), filed the instant appeal, styled as an "emergency motion for order to show cause," ECF 1, seeking to dismiss the Chapter 11 bankruptcy cases ("Bankruptcy Cases") currently pending before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *See* Bankr. Case No. 23-41937 (Bkr. E.D.N.Y) (Lord, J.). Having previously heard two other "emergency" appeals filed by Appellants arising out of the Bankruptcy Cases, and having twice rejected them,[1] the Court directed Clean Air Service & Parking Branch Two, LLC (the "Debtor") in the jointly administered, Chapter 11 bankruptcy cases of the Debtor and Operr Plaza, LLC (together, the "Debtors") to respond. *See* Oder Dated 8/27/2024. On September 4, 2024, Debtors filed a response arguing that the appeal should be dismissed. Opposition ("Opp."), ECF 3. For the following reasons the appeal is **DISMISSED**. The Court also enjoins Defendants from further filing further appeals related to the Bankruptcy Cases without first seeking leave to file under the procedure set forth below.

---

[1] *See* 1:23-mc-02486-OEM, appealed to 2d Cir. 23-7338; 1:23-mc-02608-OEM, appealed to 2d Cir. 23-7339;

1

## DISCUSSION

The Court hereby incorporates the detailed factual summary contained in the Opposition.[2]

This is the fourth time Appellants have attempted to escape the equitable judicial process of bankruptcy by seeking to dismiss the Bankruptcy Cases on meritless grounds that have been rejected by every bankruptcy, district, and Circuit judge to have heard them, including this one (twice). *See, e.g.*, Order dated October 3, 2023, in 1:23-mc-02486-OEM (rejecting Appellant's "management rights," "operating agreement" claims on an emergency appeal presented as an order to show cause); *see also* Opp. at 2 n.5.

The Court need not wade back into these convoluted and unsound arguments because, at this present juncture, the case is equitably moot. The equitable mootness doctrine allows "appellate courts to dismiss bankruptcy appeals when, during the pendency of an appeal, events occur such that even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *Apollo Glob. Mgmt., LLC v. Bokf, NA (In re MPM Silicones, L.L.C.)*, 874 F.3d 787, 804 (2d Cir. 2017) (quoting *In re Motors Liquidation Co.*, 829 F.3d 135, 167 (2d Cir. 2016)) (internal quotations omitted). In the Second Circuit, a bankruptcy appeal is "presumed equitably moot when the debtor's reorganization plan has been substantially consummated." *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014) (finding that as of the reorganization plan's effective date, [debtor] transferred its relevant property to the liquidating trust, and the trust began administering timely filed claims and making distributions totaling at least $17 million to holders of allowed administrative and priority claims); *see also In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482 (2d Cir. 2012)).

---

[2] The Opposition largely recites the lengthy litigation history undertaken by Appellants in this district of which the Court may take judicial notice. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

Under Bankruptcy Code § 1101(2), substantial consumption occurs through: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan"; and, finally, "(C) commencement of distribution under the plan." 11 U.S.C. § 1101(2); *see also FritoLay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944 (2d Cir.1993).

As detailed in the Opposition,

> [O]n July 25, 2024, the Debtor filed a Notice of (I) Effective Date of the Joint Chapter 11 Plan for Clean Air Car Service & Parking Branch Two, LLC, Proposed by the Debtor and IV-CVCF NEB I Trust, as Modified On May 22, 2024, and (II) Certain Claims Bar Dates [Bankruptcy Case ECF No. 492], indicating that the plan became effective on that date. Appellants filed their appeal on July 31, 2024, without seeking to stay the effective date. Since that time, the Debtor has made distributions to all holders of secured claims. Of the approximately $3.8 million that was in the Debtor's estate prior to the Effective Date, over $2.8 million in claim distributions and administrative disbursements have been made and another $319,382.93 has been approved for payment. All that remains in the Debtor's estate is a reserve for the post-effective date administration of the estate, which includes making distributions to unsecured claimants after resolution of claims objections (including an objection to the claims that K. Wang and his affiliated entities filed). Under the plan, a wind-down officer has been appointed and taken over the administration of the post-effective date Debtor's estate, including transferring the Debtor's bank accounts into accounts under his exclusive control.

Opp. at 3.

Under these conditions, the Court finds the case is equitably moot and must be dismissed.

Only one issue remains: addressing the litigation conduct of Appellants. "[T]he policy of Chapter 11 is to permit successful rehabilitation of debtors[.]" *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 514 (1984). "The Bankruptcy Court is a court of equity, and in making this determination it is in a very real sense balancing the equities[.]" *Id.* at 527. "Bankruptcy courts, with the opportunity to observe closely the factual intricacies of complex cases such as this, and

3

the frequent need to act quickly on matters of substantial importance to the parties in interest, are traditionally accorded great flexibility in the exercise of their legitimate powers over matters that affect a bankruptcy estate." *In re Adelphia Commc'ns Corp.*, No. 02-CV-41729 (REG), 2004 WL 2186582, at *8 (S.D.N.Y. Sept. 27, 2004). However, as detailed by Debtors, Appellants here have taken nearly every opportunity to file meritless appeals grounded in these same moribund arguments which have been consistently rejected by not only this Court but the Second Circuit as well. *See* Opp at 1-2; *id.* at n.2 (noting 14 different appeals). These filings have thrown sand into the treads of the "efficient administration of the inter-related litigation" and "prevent[ed] the orderly administration of the bankrupt estates." *In re Martin-Trigona*, 737 F.2d 1254, 1257, 1260 (2d Cir. 1984). So much so that even the Bankruptcy Court itself has issued a directive, *sua sponte*, that prevents Appellants from filing any further motions in the Bankruptcy Court absent prior permission. *See* Opp. at 2. The Court finds a similar proscription apt here where costs from the litigation continues to accrue and the potential imposition of monetary sanctions – which are already being considered by the Bankruptcy Court – may not be enough to ward Appellants off from submitting further vexatious motions.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d at 1261. Federal courts accordingly have a "clear" power to act "against vexatious litigation." *Id.* at 1262. A "history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel is enough" to warrant requirements such as seeking leave prior to filing further actions in this district court. *See id.* (cleaned up) (affirming district court's "leave to file" injunction on vexatious litigant). As represented by Debtors, they have incurred "astronomical costs" based

4

upon Appellants their multiple appeals and emergency motions and which may necessarily deplete the bankruptcy estate. *See* Opp. at 2 n.3. And as already mentioned and observed by this Court, Appellants have unnecessarily multiplied the instant bankruptcy litigation and prevented the orderly disposition of the estate.

Accordingly, the Court hereby further orders that Appellants are enjoined from filing an appeal from such bankruptcy proceedings without first obtaining leave of the court in which Appellants seek to file the appeal, subject to the below procedure. *See Martin-Trigona*, 737 F.2d at 1259, 1262 (finding under similar circumstances that such an "order does not prohibit [Appellants] from seeking access to other federal district courts [or state courts]; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. These conditions are hardly unreasonable. We need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith.")

## CONCLUSION

For the reasons stated above, the instant appeal is **DISMISSED**.

Appellants are further **ENJOINED** from filing any appeal from the underlying bankruptcy case, No. 23-41937, without first obtaining leave of the court in which they seek to file the appeal. In filing any notice appeal, Appellants must adhere to the following procedure:

1) Appellants must also file motion captioned, "Motion Pursuant to Court Order Seeking Leave to File";

2) as Exhibit 1 to that motion he must attach a copy of this order; and 3) as Exhibit 2 to that motion, he must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn

5

affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court.

    **SO ORDERED.**

                                                  /s/ Orelia E. Merchant
                                                ORELIA E. MERCHANT
                                                United States District Judge

Dated:        September 9, 2024
                Brooklyn, New York