UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CLEAN AIR CAR SERVICE &
PARKING BRANCH THREE, LLC, *et al.*,

                  Appellants,

            -against-                      **MEMORANDUM AND ORDER**
                                                            24-CV-05444 (OEM)

CLEAN AIR SERVICE & PARKING BRANCH
TWO, LLC, *et al.*,

                  Appellees.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

      Before the Court is Appellants' Clean Air Car Service & Parking Branch Three, LLC, Clean Air Car Service & Parking Corp., Operr Technologies Inc., Operr Service Bureau Inc., and Kevin S. Wang's ("Appellants") fully-briefed motion for reconsideration of the Court's Memorandum and Order ("Order"), ECF 5, dismissing their bankruptcy appeal and enjoining them from filing any additional appeal from the underlying bankruptcy case, without first obtaining leave from the court where they seek to file.[1] For the following reasons, Appellants' motion for reconsideration is denied.

## LEGAL STANDARD

      The Federal Rules of Bankruptcy Procedure provide that the Federal Rules of Civil Procedure that govern motions for reconsideration in civil proceedings also apply to motions

---

[1] *See* Amended Notice of Motion for Reconsideration ("Amended Recons. Not."), ECF 11; Memorandum of Law in Support ("Amended Recons. MOL"), ECF 11-1; Response in Opposition to Motion ("Recons. Opp."), ECF 15; Reply in Support of Motion ("Recons. Reply"), ECF 20.

Appellants filed the amended motion for reconsideration, ECF 11, after Appellants' counsel noted that the previously-filed motion for reconsideration, ECF 7, did not comply with this Court's five-page limit for such motion. Appellants filed also a "notice of rejection" of the Debtors' opposition, arguing that Debtors' response was untimely because it was due on October 14, 2024, and Debtors filed their response a day late on October 15, 2024. Notice of Rejection for Filing Untimely ("Rejection Notice"), ECF 17. The next day, Appellants withdrew the notice, stating they "accepted" as "good cause" Debtors' explanation that October 14, 2024 was a federal holiday and therefore the response deadline was October 15, 2024. *See* Notice of Withdrawal, ECF 19.

for reconsideration in bankruptcy proceedings. *See* Fed. R. Bank. P. 9023 (stating that Federal Rule of Civil Procedure 59 generally applies in bankruptcy action); Fed R. Bankr. P. 9024 (stating that Federal Rule of Civil Procedure 60 generally applies in a bankruptcy case). "Whether made under [Federal Rules of Civil Procedure] 60(b) or 59(e), a party seeking relief from, or alteration of, a judgment must satisfy a heavy burden." *In re 975 Walton Bronx LLC*, 21-40487 (JMM), 2023 WL 6467627, at *3 (Bankr. E.D.N.Y. Oct. 3, 2023).

To succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790); *see also Metzler Inv. GmbH v. Chipotle Mex. Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (describing the standard as "strict"). "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Person v. Mulligan Security Corp.*, 22-CV-2980 (AMD) (LB), 2024 WL 2111522, at *2 (E.D.N.Y. May 10, 2024) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)); *Shrader*, 70 F.3d at 257; *see also* E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

"A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Weir v. Montefiore Medical Center*, 23-CV-4468 (KPF), 2024 WL 2049411, at *2 (S.D.N.Y. May 6, 2024) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *accord Shearard v. Geithner*, 09-CV-0963 (JS) (ETB),

2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010).  Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotations omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).  The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## DISCUSSION

The Court assumes the parties' familiarity with the facts and procedural history in this action.  *See Clean Air Car Service & Parking Branch Three, LLC, et al. v. Clean Air Service & Parking Branch Two, LLC, et al.*, 24-CV-05444 (OEM), 2024 WL 4118982 (E.D.N.Y. Sept. 9, 2024).

In its Order dismissing Appellants' appeal, the Court incorporated the following factual summary from the Debtors' response letter to Appellants' motion to dismiss by order to show cause[2]:

> [O]n July 25, 2024, the Debtor filed a Notice of (I) Effective Date of the Joint Chapter 11 Plan for Clean Air Car Service & Parking Branch Two, LLC, Proposed by the Debtor and IV-CVCF NEB I Trust, as Modified On May 22, 2024, and (II) Certain Claims Bar Dates [ECF 492], indicating that the plan became effective on that date.  Appellants filed their appeal on July 31, 2024, without seeking to stay the effective date.  Since that time, the Debtor has made distributions to all holders of secured claims.  Of the approximately $3.8 million that was in the Debtor's estate prior to the Effective Date, over $2.8 million in claim distributions and administrative disbursements have been made and

---

[2] After filing their notice of appeal in this Court, *see* ECF 1, Appellants filed an emergency motion to dismiss by order to show cause Debtors' underlying bankruptcy petition for lack of subject-matter jurisdiction, effectively seeking an order from this Court reversing the Bankruptcy Court's order that denied Appellants' motion to dismiss Debtors' bankruptcy petition.  *See* Appellants' Notice of Motion by Order to Show Cause, ECF 2-2-10.

As directed by the Court, Debtors filed a response letter to Appellants' motion.  *See* Debtors' Response to Appellants' Order to Show Cause ("Resp. Ltr."), ECF 3.

> another $319,382.93 has been approved for payment. All that remains in the Debtor's estate is a reserve for the post effective date administration of the estate, which includes making distributions to unsecured claimants after resolution of claims objections (including an objection to the claims that K. Wang and his affiliated entities filed). Under the plan, a wind-down officer has been appointed and taken over the administration of the post-effective date Debtor's estate, including transferring the Debtor's bank accounts into accounts under his exclusive control.

Order at 3 (quoting Debtors' Response Letter ("Resp. Ltr") at 3, ECF 3). The Court reasoned that the equitable mootness doctrine allows appellate courts to dismiss bankruptcy appeals when, during the pendency of the appeal, events occur such that even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable. Order at 2 (citing *Apollo Glob. Mgmt., LLC v. Bokf, NA (In re MPM Silicones, L.L.C.)*, 874 F.3d 787, 804 (2d Cir. 2017)). The Court further stated that "[i]n the Second Circuit, a bankruptcy appeal is 'presumed equitably moot when the debtor's reorganization plan has been substantially consummated.'" Order at 2, (quoting *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014)). Under Bankruptcy Code § 1101(2),

> substantial consummation occurs through: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan"; and, finally, "(C) commencement of distribution under the plan." 11 U.S.C. § 1101(2); *see also FritoLay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944 (2d Cir. 1993).

Order at 3. Accordingly, the Court found that, "[u]nder these conditions, . . . the case [was] equitably moot and [should] be dismissed." Order at 3. Further, the Court reasoned that it "need not wade back into [Appellants'] convoluted and unsound arguments" because the appeal was equitably moot. Order at 2.

Now, Appellants urge the Court to reconsider its Order, asserting that (1) the Court overlooked material facts and controlling authorities; (2) the Bankruptcy Court lacked subject matter jurisdiction over the bankruptcy appeal and therefore incorrectly applied the mootness doctrine; and (3) the Court's Order enjoining the appeal should be revoked for lack of subject

matter jurisdiction. Amended Recons. MOL at 2-5. Neither argument warrants reconsideration of the Court's Order.

Appellants argue that the Court erred in applying the equitable mootness doctrine because that doctrine "applies to specific claims, not entire appeals" and their appeal is not related to any specific claims, summarily citing as support *U.S. Bank N.A. v. Windstream Holdings, Inc. (In re Windstream Holdings, Inc.)*, 20-CV-4276 (VB), 2020 WL 6434762 (S.D.N.Y. Nov. 2, 2020). Amended Recons. MOL at 5. However, like this Court, the district court in *In re Windstream Holdings* held that the appellants' request to stay pending appeal was moot in light of the fact that "the debtors ha[d] substantially reorganized." *In re Windstream Holdings, Inc.* 2020 WL 6434762, at *3 (citing *In re Gucci*, 105 F.3d 837, 839 (2d Cir. 1997), where Second Circuit noted that motion for stay pending appeal was moot in light of consummation of sale and conveyance of assets). As such, the *In re Windstream Holdings* decision cannot "reasonably be expected to alter the conclusion reached by the court." *Person*, 2024 WL 2111522, at *2. Rather, it supports this Court's reasoning for dismissing the appeal as equitably moot.

Moreover, Appellants' remaining arguments do not meet the strict standard for reconsideration as Appellants largely raise the same arguments made in their appeal brief. However, Appellants cannot relitigate old issues or take a second bitte at the apple by filing a motion for reconsideration. *See Weir*, 2024 WL 2049411, at *2.

First, Appellants argue that the Court overlooked the fact that the "independent claim" that "the Buyer is not a good faith purchaser" is not adjudicated by other courts and that Appellants had not made that argument in their appeal. Amended Recons. MOL at 2-3. Specifically, Appellants argue that they are not relitigating the same old "managerial rights" and "operating agreement" arguments under UCC 9-617 (b), but rather are litigating the claim regarding "the buyer's status as not a good faith purchaser under N.Y. UCC 9-617 (c) (1)." *Id.*

at 1. However, Appellants' representations here are not supported by the record. Indeed, Appellants' appeal brief contained a section titled "The Appellants raised an independent claim that the buyer is not a good faith purchaser subject to Kevin Wangs' rights under the pledge agreements and operating agreements[,]" and in that section, Appellants argued that "Appellants raised an independent claim that the buyer is not a good faith purchaser . . . ." Memorandum of Law In Support of Appellants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Order to Show Cause ("Appeal Br.") at 19, ECF 2-3. Second, Appellants' reconsideration argument that the Buyer "holds no managerial rights over the Appellee's internal affairs" simply restates previously-advanced arguments regarding Kevin Wang's "management rights" and "operating agreement." Amended Recons. MOL at 4; *see* Appeal Br. 8-9; *see also* Recons. Opp. at ¶ 15. However, as the Court stated in its Order, these "meritless" arguments "ha[d] been rejected by every bankruptcy, district, and Circuit judge to have heard them, including this [Court] (twice)[.]" Order at 2 (citing to Order dated October 3, 2023, 1:23-MC-02486-OEM (rejecting Appellant's "management rights," and "operating agreement" claims in an emergency appeal (presented as an order to show cause)). Yet again, Appellants urge this Court to reopen well-settled issues. Appellants have simply repackaged arguments that will not support reconsideration. *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011) (Because plaintiff had already made these arguments and the Court considered them in issuing its opinion, "[plaintiff] cannot re-litigate that determination on a motion for reconsideration.").

To the extent that Appellants now argue that this Court overlooked controlling authorities and lacked subject matter jurisdiction to rule on the instant appeal, this undermines Appellants' own position on appeal, where they asserted that this Court had appellate jurisdiction. *See* Appeal Br. at 9. Putting aside Appellants' convenient change of course, none of the case law put forth by Appellants on reconsideration or during the initial appeal support

this position. *See* Amended Recons. MOL at 3-4; Appeal Br. at 16-18, 23. The Supreme Court and the Second Circuit have consistently found that appeals regarding the Bankruptcy Court's confirmation order of the bankruptcy plan are final judgment for purposes of appeal, to which district courts have subject-matter jurisdiction.[3] *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (explaining that Bankruptcy Court's order confirming proposed Chapter 13 plan was a "final" judgment, for purposes of appeal); *Community Bank, N.A. v. Riffle*, 617 F.3d 171, 173 (2d Cir. 2010) (holding that confirmation order is a final order that may be appealed).

Finally, Appellants assert that the Court lacks subject matter jurisdiction due to the unauthorized filing of the Bankruptcy petition and therefore the Court's Order enjoining future appeal is improper. Amended Recons. MOL at 5. This Court and a myriad of other courts have flatly rejected Appellants' position with sound legal authority. *See generally* Order. Because the Court has jurisdiction over the appeal, Appellants' argument that the Court cannot fashion procedural safeguards to curb vexatious filings is without merit.

The Court's Order addressed the "litigation conduct of Appellants." Order at 3. Specifically, the Court found that Appellants' appeal was the "fourth time Appellants ha[d] attempted to escape the equitable judicial process of bankruptcy by seeking to dismiss the Bankruptcy Cases on meritless grounds that have been rejected by every bankruptcy, district, and Circuit judge to have heard them, including this [Court] (twice)." Order at 2. "Appellants [] ha[d] taken nearly every opportunity to file meritless appeals grounded in these same moribund arguments which have been consistently rejected by not only this Court but the Second Circuit as well." Order at 4. (citing Response Ltr. at 1-2 & n.2 (noting 14 different

---

[3] This Court has no jurisdiction over the Bankruptcy Court's order denying Appellants' motion to dismiss Debtors' bankruptcy petition because the Bankruptcy Court's order "is nonfinal [as] it did not 'finally dispose of a discrete dispute within the larger bankruptcy case.'" *In re Delaney*, 110 F.4th 565, 568 (2d Cir. 2024) (quoting *In re Penn Traffic Co.*, 466 F.3d 75, 77-78 (2d Cir. 2006); *see Catlin v. United States*, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable.").

appeals)). "These filings have thrown sand into the treads of the 'efficient administration of the inter-related litigation' and 'prevent[ed] the orderly administration of the bankrupt estates.'" Order at 4 (quoting *In re Martin-Trigona*, 737 F.2d at 1257, 1260). The Court also noted that the Bankruptcy Court "issued a directive, sua sponte, that prevents Appellants from filing any further motions in the Bankruptcy Court absent prior permission." Order at 4 (citing Appellee Opp. at 2). Considering that vexatious filing history, the Court "[found] [that] a similar proscription [was] apt here where costs from the litigation continues to accrue and the potential imposition of monetary sanctions—which are already being considered by the Bankruptcy Court—may not be enough to ward Appellants off from submitting further vexatious motions." Order at 4. The Court therefore ordered that "Appellants are enjoined from filing an appeal from such bankruptcy proceedings without first obtaining leave of the court in which Appellants seek to file the appeal." Order at 5.

Appellants' motion for reconsideration is now the ***fifth*** time that Appellants have attempted to escape the equitable judicial process of bankruptcy by seeking to dismiss the Bankruptcy Cases on meritless grounds that have been rejected by every bankruptcy, district, and Circuit judge to have heard them, including this one (***now, three times***). Indeed, the Court's Order dismissing the appeal effectively did not grant the relief that Appellants sought—the dismissal of the bankruptcy cases. It is now evident that Appellants remain unfazed by the Court's Order. Indeed, since the date of entry of the Court's Order, Appellants have filed this instant motion for reconsideration, two separate motions for sanctions that are nearly identical,[4] two notices of rejection of Appellees' responses in opposition that Appellants deemed were untimely by a day and saw fit to reject them on that basis.[5]

---

[4] The Court will address Appellants' motions for sanctions by separate order.

[5] Appellants did withdraw their notices after Appellees informed them that the responses in opposition were in fact timely. Nonetheless, Appellants' decision to file notices of rejection—when the decision to consider litigants' filing is the sole provenance of the Court—speaks to contentious litigation tactics.

The Court is left with no choice but to enforce yet another procedural safeguard to limit Appellants' filings, which amount to "harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel . . . ." Order at 4 (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).[6] Accordingly, the Court hereby orders that Appellants are enjoined from further filing on this docket without first obtaining leave of the Court, subject to the below procedure.

## CONCLUSION

For the foregoing reasons, Appellants' motion for reconsideration is denied.

The Court's September 9, 2024 Order that enjoined Appellants from filing any appeal from the underlying bankruptcy case, No. 23-41937, without first obtaining leave of the court remains in effect.

Appellants are further enjoined from filing in this action, 24-CV-05444, without first obtaining leave of this Court. For future filings, Appellants must adhere to the following procedure:

1) Appellants must file a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File"; and

2) As Exhibit 1 to that motion, Appellants must attach a letter motion, not exceeding three pages, explaining the basis for the motion.

---

[6] It is not lost on the Court that counsel for Appellants is also a named appellant in this action and therefore presumably has, as a party, a strong interest in vindicating his rights. However, counsel has chosen to appear as attorney of record and sign the filings in this action. The choice to appear in an action as an attorney of record subjects the attorney to Rule 11 of the Federal Rules of Civil Procedure. Accordingly, counsel is reminded of his obligations under Rule 11.

Appellants are warned that failure to strictly abide by this Order may result in sanctions.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

April 3, 2025
Brooklyn, New York