UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CLEAN AIR CAR SERVICE &
PARKING BRANCH THREE, LLC, *et al.*,

               Appellants,

         -against-

CLEAN AIR SERVICE & PARKING BRANCH
TWO, LLC, *et al.*,

               Appellees.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-05444 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      Before the Court are two fully-briefed motions for sanctions filed by Appellants Clean Air Car Service & Parking Branch Three, LLC, Clean Air Car Service & Parking Corp., Operr Technologies Inc., Operr Service Bureau Inc., and Kevin S. Wang ("Appellants"), against Appellees-Debtors Clean Air Service and Parking Branch Two, LLC and Operr Plaza LLC ("Debtors") and their attorneys Mr. Jay Hellman, Esq., Mr. Thomas Draghi, Esq., and the law firm Westerman Ball Ederer Miller Zucker & Sharfstein, LLP. The sanctions motions, filed less than two months apart, are made under different mechanisms: 28 U.S.C. § 1927 and the Court's inherent power ("1927 Mot."), ECF 13, and Federal Rule of Bankruptcy Procedure 9011 ("9011 Mot."), ECF 25. For the following reasons, both motions are denied.

**LEGAL STANDARDS**

A.    **Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Power**

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

>personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

A district court's inherent power to impose sanctions "derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). A court should sanction only "bad faith, vexatious[ ], [or] wanton[ ]" acts or actions otherwise undertaken for "oppressive reasons" such as to delay or disrupt litigation proceeding or hamper the enforcement of court's orders. *Chambers*, 501 U.S. at 45-46 (discussing sanction under inherent power). The standard for determining whether sanctions are appropriate pursuant to the Court's inherent power is the same as the one for assessing whether sanctions are appropriate under Section 1927. *Int'l Technologies Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021); *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018). Therefore, courts often consider motions for sanctions pursuant to Section 1927 and the Court's inherent power together. *Prevezon Holdings*, 305 F. Supp. 3d at 478.

A party seeking sanctions under either 28 U.S.C. § 1927 or the Court's inherent authority must provide "clear evidence that (1) the offending party's claims were entirely without color, *and* (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (emphasis added); *see also Adkins v. Gen. Motors Acceptance Corp.*, 479 F. App'x 386, 387 (2d Cir. 2012); *Schlaifer Nance,* 194 F.3d at 336. As to the first prong, the fact that judgment was entered against a party is "a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis" for the offending party's claims. *Schlaifer Nance*, 194 F.3d at 337. As to the second prong, the Second Circuit has "interpreted the bad faith standard

restrictively." *Eisemann*, 204 F.3d at 396. In other words, "[a]lthough both findings [lack of merit and bad faith] must be supported by a high degree of specificity, bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

**B.     Sanctions under Bankruptcy Rule 9011**

Federal Rule of Bankruptcy Procedure 9011 governs the conduct of attorneys and parties when filing papers with the court. Rule 9011 provides:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Violation of Rule 9011(b) permits the Court to impose appropriate sanctions upon the attorneys, law firms, or parties. Fed. R. Bankr. P. 9011(c).

Rule 9011 "parallels Federal Rule of Civil Procedure 11, containing only such modifications as are appropriate in bankruptcy matters" and therefore this Court's application of Rule 9011 is informed by Rule 11 jurisprudence. *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002); *In re Cohoes Indus. Terminal*, 931 F.2d 222, 227 (2d Cir. 1991); *In re D&G Constr. Dean Gonzalez, LLC*, 635 B.R. 232, 240 (Bankr. E.D.N.Y. 2021); *In re Belmonte*,

524 B.R. 17, 30 n.18 (Bankr. E.D.N.Y. 2015). A party moving for Rule 9011 sanctions must comply with the "safe harbor" provision, which requires serving the offending party the proposed motion for sanctions at least 21 days before filing the motion with the court. Fed. R. Bankr. P. 9011(c)(1)(A)). Failure to comply "constitutes grounds for denial of the motion." *Guarino v. Resciniti (In re Resciniti)*, No. 8-16-70669, 2019 WL 1451278, at *2 (Bankr. E.D.N.Y. Mar. 29, 2019).

The party moving for sanction "has the burden of proof on the appropriateness of [Rule 9011] sanctions. Once a prima facie case has been made, the burden shifts to the party from whom the sanction is sought to show a legitimate purpose for the filing." *In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (citations omitted). A Rule 9011 sanction may, but not need be, imposed "upon a finding of subjective bad faith" such as "when court filings are used for an improper purpose, or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous[.]" *Glassman v. Feldman*, 19-CV-5002 (MKB), 2020 WL 6119270, at *4 (E.D.N.Y. Sep. 30, 2020) (cleaned up); *see Moxey v. Pryor*, 15-CV-4632 (JS), 2017 WL 1229735, at *3 (E.D.N.Y. Mar. 31, 2017) (sanctions appropriate "when it is patently clear that a claim has absolutely no chance of success."). In determining whether sanctions are appropriate under a Rule 9011 motion, the Second Circuit employs an "objective unreasonableness" standard. *HD Brous & Co., Inc. v. Mrzyglocki*, 03-CV-8385, 2004 WL 1367451, at *1-2 (S.D.N.Y. June 16, 2004).

Ultimately, the decision to impose sanctions under Section 1927, the Court's inherent power, or under Rule 9011 is within the discretion of the district court. *Eisemann*, 204 F.3d at 396 (quoting *Schlaifer*, 194 F.3d at 334); *In re Fierro*, 615 B.R. 403, 412 (E.D.N.Y. Bankr. 2020).

# DISCUSSION

A. **Appellants' Motion for Sanctions under Section 1927 and the Court's Inherent Power**

Appellants seek sanctions against Debtors and their attorneys under Section 1927 and the Court's inherent power asserting that Debtors made false and misleading statements in their response letter to Appellants' motion for emergency relief by order to show cause[1] and that such false statements caused this Court to erroneously dismiss Appellants' appeal. 1927 Mot. Appellants claim the following assertions in Debtors' response letter are false:

> Appellants' present [order to show cause] [appeal] is nothing more than another attempt to relitigate issues already denied months ago by the Bankruptcy Court, the EDNY, and the Second Circuit—namely, that the Bankruptcy Court allegedly lacks jurisdiction because the Debtors purportedly did not have the authority to file the bankruptcy petitions based on the same, tired, and consistently rejected "management rights," "operating agreement," and "good faith purchaser" claims.
>
> [n.4] Appellants incorrectly assert that their "good faith" claims have been asserted here for the first time.
>
> Appellants have appealed virtually every order of the Bankruptcy Court to the EDNY (and lost), and have appealed almost every order of the EDNY to the Second Circuit (and lost). Every one of those appeals was accompanied by an emergency stay motion (which was consistently denied). As Your Honor recognizes, there is no longer any need to address Appellants' repeated, meritless arguments in detail. Rather, the Debtor only needs to provide a single sentence in response to Appellants' "good faith," "lack of authority to file," and "managerial rights/operating agreement" arguments: that is, every Court that has been presented with those arguments, including the New York State Courts, the Bankruptcy Court on multiple occasions, the EDNY on multiple occasions, and the Second Circuit on multiple occasions, has soundly rejected them.

Resp. Ltr. at 2 & n.4. Appellants argue that these statements "[are] completely baseless and misleading, as the [Debtors] ha[ve] failed to provide any record supporting . . . the independent

---

[1] After filing their notice of appeal in this Court, *see* ECF 1, Appellants filed an emergency motion to dismiss by order to show cause Debtors' underlying bankruptcy petition for lack of subject-matter jurisdiction, effectively seeking an order from this Court reversing the Bankruptcy Court's order that denied Appellants' motion to dismiss Debtors' bankruptcy petition. *See* Appellants' Notice of Motion by Order to Show Cause, ECF 2-2-10.

As directed by the Court, Debtors filed a response letter to Appellants' motion. *See* Debtors' Response to Appellants' Order to Show Cause ("Resp. Ltr."), ECF 3.

claim of whether 'the Buyer is a good faith purchaser' has been adjudicated on its merits by any State Court, district Court or the Second Circuit." 1927 Mot. at 10. Appellants assert that Debtors' response letter "contains no evidence or information demonstrating that the determination of whether the Buyer is a good faith purchaser has been made" and the Debtors have failed to prove that the Buyer is a good faith purchaser. *Id.* at 11. In opposition, Debtors argue that their response letter did not provide any "false material facts" that misled the Court. Response in Opposition to 1927 Motion ("1927 Opp.") at ¶¶ 18, 21, 23, ECF 16. The Debtors argue that Appellants' motion for sanctions is rather another attempt to repackage and relitigate issues already decided by various courts. *Id.* ¶ 23.

Appellants are correct that the Court took judicial notice of the detailed factual summary described in Debtors' response letter. *See* Memorandum and Order ("Order"), ECF 5. But the statements which Appellants now allege are false did not form the basis of the Court's dismissal of the appeal. Rather, the Court dismissed the appeal because it was equitably moot. In reaching that conclusion, the Court credited Debtors' factual representation that:

> [O]n July 25, 2024, the Debtor filed a Notice of (I) Effective Date of the Joint Chapter 11 Plan for Clean Air Car Service & Parking Branch Two, LLC, Proposed by the Debtor and IV-CVCF NEB I Trust, as Modified On May 22, 2024, and (II) Certain Claims Bar Dates [ECF No. 492], indicating that the plan became effective on that date. Appellants filed their appeal on July 31, 2024, without seeking to stay the effective date. Since that time, the Debtor has made distributions to all holders of secured claims. Of the approximately $3.8 million that was in the Debtor's estate prior to the Effective Date, over $2.8 million in claim distributions and administrative disbursements have been made and another $319,382.93 has been approved for payment. All that remains in the Debtor's estate is a reserve for the post effective date administration of the estate, which includes making distributions to unsecured claimants after resolution of claims objections (including an objection to the claims that K. Wang and his affiliated entities filed). Under the plan, a wind-down officer has been appointed and taken over the administration of the post-effective date Debtor's estate, including transferring the Debtor's bank accounts into accounts under his exclusive control.

Order at 3 (quoting Resp. Ltr. at 3). Appellants have not argued in their 1927 motion that these factual statements are false or misleading. Thus, the notion that false statements by the Debtors "resulted in an Order issued erroneously by this Court" is misplaced.

A "claim is entirely without color when it lacks *any* legal or factual basis." *Schlaifer Nance*, 194 F.3d at 337 (emphasis added). Conversely, a claim is "colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000). A finding that conduct is without color must be supported by a "high degree of specificity in the factual findings." *Eisemann*, 204 F.3d at 396 (quoting *Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)). Here, contrary to Appellants' position, the Court finds that Debtors' statement that "Appellants incorrectly assert that their 'good faith' claims have been asserted here for the first time" is factually supported. Indeed, the Debtors provide factual support for their statements in the form of citations to filings from prior actions in which Appellants advanced these "good faith" claims. 1927 Opp. at 6-9. For example, Appellants' appeal brief in Case Number 23-CV-09495 advanced the argument, relying on U.C.C. §§ 9-617(b) and (c), that "Buyer 1 is NOT a good faith purchaser because it only paid $100, 000 for the [] collateral subject to the mortgage payment" and that Lender, "the affiliate of Buyer 1" is "not a good faith purchaser." Brief of Appellants at 8 & 40-41, 23-CV-09495, ECF 29 (E.D.N.Y. Mar. 6, 2024). Another example includes Appellants' appeal brief in Case Number 24-CV-01088, in which Appellants argued that "The Buyer 1 as transferee in the UCC sale cannot [sic] take free and clear of any of the debtor's rights in the collateral as it alleged because it is not 'honesty in fact' and must be subject to the rights of Appellants in the Operating Agreements." Brief of Appellants at 38, 24-CV-01088, ECF 6 (E.D.N.Y. March 8, 2024). Appellants further argued that "under UCC sale, the transferee is not honest in fact, which should be subject to the debtor' [sic] rights that the debtor 'may still exercise some rights in

the collateral, such as the redemption right." *Id.* Finally, Appellants recently argued to the Second Circuit that "[t]he Lower Courts erred in clearly misunderstanding the N.Y. UCC 9-617(b) and (c) when Buyer 1 is not a good faith purchaser . . . ." Appeal Brief in 24-1738, ECF 25-1 (2d Cir. Sept. 27, 2024). Based on Appellants' representation to the Second Circuit, it follows that Appellants have previously asserted this "good faith purchaser" argument. These examples amply demonstrate that there is some factual basis for Debtors' statement that "Appellants incorrectly assert that their good faith claims have been asserted here for the first time." The Court need not conduct a review of every single filing in this complex bankruptcy litigation with several dockets before different courts, both at district court level and appellate level. So long as some factual basis exists for Debtors' assertions, Appellants cannot demonstrate that Appellee's claims were "entirely without color." *Wolters Kluwer Fin. Servs.*, 564 F.3d at 114.

Even if Appellants had demonstrated clear evidence that Debtors' statements were entirely without color, Appellants cannot establish that Debtors' actions were undertaken in bad faith, as required to obtain sanctions. Indeed, Appellants argue that Debtors' attorneys were motivated by improper purposes, pointing to an email exchange between Appellants' counsel, Wang, and Debtors' counsel, Jay Hellman ("Hellman") on or about September 25, 2024, discussing the merits of Appellants' motion for reconsideration, ECF 7. 1927 Mot. at 18.[2] In that exchange, Wang asked Hellman to show "when and where" the issue of Buyer's status as a good faith purchaser had been adjudicated by the courts and warned Hellman that he would file a motion for sanctions against Hellman if he failed to respond. *Id.* at 16-20. Hellman responded: "Very scary." *Id.* Wang argues that Hellman's failure to substantively respond the question demonstrates that Debtors were motivated by improper purposes and is

---

[2] The Court notes that Appellants did not provide a copy of the email exchange for the Court's consideration. The Court accepts Appellants' representation of the contents and timing of this email exchange for purposes of ruling on the pending motions.

"a deliberate attempt to delay these court proceedings which is motivated by improper purposes." *Id.* at 19.

In Debtors' September 5, 2024 response letter to Appellants' motion for order to show cause, Debtors argued that the appeal should be dismissed under the equitable mootness doctrine and that the Court should not relitigate issues such as Appellants' "good faith purchaser argument." Resp. Ltr. at 2-3. Thus, as of September 5, 2024, the Court was fully apprised of Debtors' position on this issue and by September 9, 2024, the Court issued its Order dismissing this appeal. It defies logic that Debtors' apparent failure to substantively respond to Appellants' email weeks later constitutes a deliberate attempt to delay proceedings driven by any improper motive. Appellants have failed to proffer any arguments or evidence showing Debtors engage in the type of conduct that courts have found amounts to bad faith. *See McCune v. Rugged Ent., LLC*, 08-CV-2677 (KAM), 2010 WL 1189390, at *3 (E.D.N.Y. March 29, 2010) (explaining that bad faith conduct is action taken for improper purposes such as to cause delay or to harass the opposition). Consequently, Appellants' motion for sanctions under Section 1927 and this Court's inherent power is denied.

**B.      Appellants' Motion for Sanctions under Bankruptcy Rule 9011**

The factual allegations and arguments undergirding Appellants' Rule 9011 Motion are substantially and materially identical to the Section 1927 Motion. Indeed, the basis for Appellants' Section 1927 Motion and Rule 9011 Motion is the Debtors' response letter to Appellants' order to show cause. Just as in the Section 1927 Motion, Appellants make the following arguments:

> [the Debtors] falsely alleged that the relief sought by the Appellants had been adjudicated and raise frivolous arguments by ignoring the clear different [sic] between N.Y. UCC 9-617(a) and N.Y. UCC 9-617(c)(1) when it was clearly addressed in Appellants' Motion to dismiss with Memo of Law and that this bankruptcy case was filed without authorization as a matter of law when there is no dispute that the Buyer is not a good faith purchaser.
> . . .

> The [Debtors'] attorney Mr. Jay Hellman, Esq. filed in his letter dated September 5, 2024, ("Response" or "Letter"), on the ECF Doc. 3, which resulted in an Order issued erroneously by this Court on September 9, 2024 because it mainly relied on the false factual basis and frivolous arguments raised by the [Debtors] in [their] Response.
>
> . . .
>
> The [Debtors] and their counsel have failed to respond to the Appellants' counsel's inquiries at least three times regarding when and where a court has ever determined that the Buyer is a good faith purchaser under UCC 9-617(c)(1).

9011 Motion at 8.  Appellants argue that Debtors submitted "false information" in response to the order to show cause, which "disturbed the administration of case management and the fair and just resolution of this case due to the misconduct of the Appellee[s] and their counsels." *Id.*  Thus, both motions complain of the same conduct and seek the same relief, with the only difference being that one was brought under Section 1927 and the other under Bankruptcy Rule 9011.  As stated above, the Court finds that the Debtors' statements have factual basis, and that finding equally applies here.  Therefore, Appellants' 9011 motion is denied as sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, Appellants' motions for sanctions, [ECF 13] and [ECF 25], are denied.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

April 3, 2025
Brooklyn, New York